IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOY LUCRETIA CLARK,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-0881 |
| | : | |
| **TD BANK, NA,** | : | |
|     Defendant. | : | |

**MEMORANDUM**

**Marston, J.**                                                                                                                                            **May 27, 2025**

      Plaintiff Joy Lucretia Clark initiated this civil action by filing a *pro se* Complaint (Doc. No. 2) against TD Bank, NA ("TD Bank"). She seeks leave to proceed *in forma pauperis*. (Doc. No. 1.) For the following reasons, the Court will grant Clark leave to proceed *in forma pauperis* and dismiss her Complaint for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(ii).

**I.**     **FACTUAL ALLEGATIONS**[1]

      Clark's factual allegations are brief. Clark is a customer of TD Bank. (Doc. No. 2 at 6.) She alleges that TD Bank experienced a recent data breach that "resulted in the unauthorized access and potential sharing of customer data." (*Id*.) She claims that two of her ATM cards were "compromised due to the data breaches," and that they were deactivated without warning, "causing considerable inconvenience and distress." (*Id*.)

      Clark filed this Complaint in February 2025, claiming as injuries "[d]istress, hardship, pain, suffering, information expos[ure], [and] account hacked." (*Id*. at 4.) She primarily requests injunctive relief: that TD Bank provide information about measures it is taking to

---

[1] The factual allegations are taken from Clark's form Complaint and attachments. (Doc. No. 2.) The Court adopts the sequential pagination assigned by the CM/ECF docketing system. Grammar, spelling, and punctuation errors in quotes from Clark's submissions are cleaned up where necessary.

address the breach, to mitigate "potential consequences" of the breach, and to protect customer information in the future. (*Id*. at 6.) She further requests "[a]ll annuity and equity paid out on any and all accounts with TD Bank. All account[s] using my social security number and EIN to establish securities need to be furnished." (*Id*. at 4.)[2]

## II.    STANDARD OF REVIEW

Because Clark appears to be incapable of paying the filing fees to commence this action, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts

---

[2] On May 17, 2025, Clark submitted a document entitled "Notice of Non-Response/Fault #1 U.C.C. 3-503 'Dishonor of Commercial Instrument' In Spears v. Brennan, 'the collector cannot get a judgment until the debt is validated." (Doc. No. 5.) In it, she cites to United Commercial Code provisions, lists various "faults" of TD Bank, purports to impose "terms and conditions," and challenges whether TD Bank is "a party of interest" with respect to an apparent debt or loan. (*See generally id*.) It is directed to TD Bank, but does not appear relevant to this lawsuit alleging a data breach. (*See id*. at 9 ("This is my good faith attempt to resolve this matter before I am forced to litigate against your company.").) Moreover, it contains sovereign citizen language purporting to recognize herself as a "Beneficiary, Agent, Auth. Rep. and P.O.A." for herself. (*Id*. at 10.) *See Blinke v. Sweeney*, No. 23-cv-01259, 2023 WL 8361795, at *2 (M.D. Pa. Nov. 9, 2023) (explaining that "'sovereign citizen' or 'straw man' arguments have been widely rejected as frivolous by federal and state courts"), *report and recommendation adopted*, 2023 WL 8359908 (M.D. Pa. Dec. 1, 2023); *Banks v. Florida*, No. 19-cv-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019) (collecting cases and stating that legal theories espoused by sovereign citizens have been soundly rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars" (internal quotation omitted)), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020). On May 27, 2025, Clark filed an identical document along with a "Demand for Lawful Money," in which Clark "demands redemption in lawful money of any and all Federal reserve notes purportedly received, possessed, or controlled by" her. (Doc. No. 6.) The Court construes these documents as supplements to Clark's Complaint, but concludes that they add nothing constructive to the analysis here.

sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

### III.   DISCUSSION

Clark apparently seeks to raise claims under the Gramm-Leach-Bliley Act for failing to properly safeguard her information, and under the Massachusetts Data Breach Notification Law and the New York Shield Act because they "impose obligations on companies to implement reasonable security measures and provide timely notifications in the event of a data breach." (*Id.* at 6.) She has not alleged a plausible claim under any legal theory, however.

#### A.   Gramm-Leach-Bliley Act Claim

To the extent Clark seeks to enforce any rights under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, that Act does not support a private right of action. *See Hayward v. Sw. Credit Sys.*, No. 23-cv-3234, 2023 WL 5651987, at *4 n.4 (E.D. Pa. Aug. 31, 2023) (citing *USAA Fed. Sav. Bank v. PLS Fin. Servs., Inc.*, 340 F. Supp. 3d 721, 726 (N.D. Ill. 2018) ("[I]t is well-recognized that the ['Gramm-Leach-Bliley Act'] does not provide a private right of action to enforce its rules." (citing cases))); *Barroga-Hayes v. Susan D. Settenbrino, P.C.*, No. 10-cv-5298, 2012 WL 1118194, at *5 (E.D.N.Y. Mar. 30, 2012) (same). Clark, therefore, cannot assert

a plausible claim under the Gramm-Leach-Bliley Act, so this claim will be dismissed with prejudice.

B.  **Claims Under Massachusetts and New York Laws**

Clark cites to laws in Massachusetts and New York that have been enacted to protect citizens' private information, but nothing in the Complaint suggests these laws would apply to her case.[3]  Clark claims to reside at a Pennsylvania address, and she provides a New Jersey address for the Defendant.  Both the Massachusetts and the New York laws provide protections for the private information belonging to *residents of their respective states*, which Clark does not appear to be.  *See* Mass. Gen. Laws. ch. 93H § 2(a) (providing for regulations to "safeguard the personal information of residents of the commonwealth"); N.Y. Gen. Bus. Law § 899-aa(2) (imposing disclosure requirements for breaches of security of private information of New York residents).  In any event, neither of the state statutory schemes provides for a private cause of action empowering consumers to file claims for damages for alleged violations.  *See Katz v. Pershing, LLC*, 806 F. Supp. 2d 452, 458 (D. Mass. 2011) ("[T]he power to enforce [Mass. Gen. Law] Chapter 93H is limited to the State Attorney General—the statute does not incorporate or otherwise authorize a private right of action"), *aff'd,* 672 F.3d 64 (1st Cir. 2012); *In re USAA Data Sec. Litig.*, 621 F. Supp. 3d 454, 471 n.7 (S.D.N.Y. 2022) (dismissing plaintiff's claim under the New York Shield Act because the act does not create or imply a private right of action, and citing *Smahaj v. Retrieval-Masters Creditors Bureau, Inc.*, 131 N.Y.S.3d 817, 827 (Sup. Ct.

---

[3] The Massachusetts Data Breach Notification Law, Mass. Gen. Laws ch. 93H (2007), and its implementing regulations impose obligations on businesses to provide notice of breaches and to maintain a plan to protect Massachusetts residents' personal information that they hold.  *See* Mass. Gen. Laws ch. 93H § 2(a).  New York's Shield Act, N.Y. Gen. Bus. Law §§ 899-aa, 899-bb, requires employers in possession of New York residents' private information to implement reasonable procedures to protect private information, and it broadened New York's existing security breach notification obligations.  *See* Destruction of work-related records, 13A N.Y. Prac, Employment Law in New York § 7:370 (3d ed.).

Westchester Cnty. 2020)).  Accordingly, because Clark's Complaint seeks to raise claims under statutory provisions that do not apply and do not allow for private civil enforcement actions, the claims are not plausible and will be dismissed without leave to amend.

## IV. CONCLUSION

For these reasons, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Clark has failed to state a plausible claim.[4]

An appropriate Order follows.

---

[4] The Court has considered the applicability of other federal and state laws to this case but has not been able to discern any plausible basis for a claim.